UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY LYNN PARKER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:05-CV-819 CAS ) |
| MICHAEL BOWERSOX, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Jerry Lynn Parker's application for a writ of habeas corpus.

## The petition

Petitioner, an inmate at the South Central Correctional Center, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254 against respondent Michael Bowersox.[1] In July 1971, petitioner was convicted of two counts of first degree murder following a jury trial in the Phelps County Circuit Court in Rolla, Missouri. Petitioner challenges the Missouri State Supreme Court's denial of his appeal on April 8, 1974, alleging that the court inaccurately stated the facts of the underlying case and that the court's findings cause the crime to appear more heinous than the facts and evidence presented at trial reflect; challenges his conviction on the grounds that he is "actually innocent" of first degree murder; and asserts ineffective assistance of counsel on appeal.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas

---

[1]The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on May 20, 2005.

corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal. Petitioner was convicted in 1971. He states that the Missouri Supreme Court denied his appeal of his conviction on April 8, 1974. Petitioner further states that the Missouri Supreme Court denied his petition for writ of habeas corpus on April 5, 2005, pursuant to Missouri Supreme Court Rules 91.02 and 84.22, which require petitioner to exhaust his lower court remedies before appealing to the Missouri Supreme Court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, enacted on April 24, 1996, provides for a one-year statute of limitations governing the filing of habeas petitions by state prisoners. The statute begins running on the date that the prisoner's state conviction becomes final. 28 U.S.C. § 2244(d)(1). To avoid harsh results, the Eighth Circuit has held that state prisoners, such as petitioner, whose convictions became final before the AEDPA's enactment are entitled to a one-year "grace period" following the Act's enactment. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). This one-year grace period expired on April 24, 1997. Id. Accordingly, the instant § 2254 petition is time-barred. Petitioner does not claim that the limitations period should be equitably tolled to allow him to file this petition.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

An appropriate order of dismissal shall accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of June, 2005.